NORMINGTON *et al.* v. COOK, appellant.

*Contract for sale of materials — deficiency in quantity.*

Plaintiffs agreed to deliver to defendant a specified quantity of stone at a stipulated price. The stone was delivered and partly paid for, but when defendant came to use it, it was found deficient in quantity. *Held*, that the charge of the judge at circuit, that plaintiffs were entitled to recover for material actually furnished, was not erroneous as against the defendant.

APPEAL from a judgment rendered upon a verdict at the Monroe circuit in April, 1873. The action was brought to recover for a quantity of stone sold and delivered to the defendant.

The plaintiffs claimed that they had contracted with defendant to cut and deliver to him at Havana stone for a church to be there erected, and that they furnished stone to the amount of $843, and that there remained unpaid $305, for which the action was brought.

On the trial, the plaintiffs gave evidence tending to establish the contract, as they claimed it, and the delivery of the stone May 22, 1872. The erection of the church was afterward commenced, and in the progress of the work it was found that there was a deficiency in the amount of stone. The defendant's counsel moved for a nonsuit on that ground, which motion was denied, and the jury found, under the charge of the court, for the plaintiffs the amount claimed by the plaintiffs upon the contract, deducting therefrom the sum of $90 for the deficiency in the stone, for which amount, $227.70, judgment was duly entered up.

*W. F. Cogswell*, for appellant.

*J. C. Cochrane*, for respondents.

E. DARWIN SMITH, J. The circuit judge charged that the plaintiffs having furnished the stone, in attempting to execute the contract for furnishing the same, and the stone sent by them having been received by the defendant and accepted by him, and no objection made by him that it did not agree in quantity and kind in every respect with the contract, said defendant could not afterward complain that the contract was not fulfilled, but was bound to pay for

the material which was actually furnished to him if not paid for and that for any deficiency subsequently ascertained in the stone furnished, they (the jury) must make the proper allowance to the defendant.

The defendant's counsel excepted to so much of the charge as held that the plaintiffs having furnished the stone, in attempting to execute the contract, were entitled to recover for the material furnished as above stated.

The charge was, in substance, so far as the defendant is concerned most favorable to him — perhaps more so than the law required. It carries out the principles asserted in *Reed* v. *Randall*, 29 N. Y. 360, that in cases of the manufacture or sale and delivery of personal property upon an executory contract, the acceptance and retention of property delivered in pursuance of the contract, is an admission, in legal effect, that the contract is or has been duly performed, with an equitable qualification that, if the property sold is found afterward to be defective or deficient, the vendee must return it or give reasonable notice of the defect, so that it may be repaired or perfected or otherwise remedied.

A vendee cannot under such circumstances retain and use the property without objection, and subsequently refuse to pay for it the contract price. A deduction for any subsequently ascertained deficiency may, and doubtless should, upon equitable principles, be made and allowed to the defendant, as was properly done in this case, and the recovery had for the property actually received and detained and used by the vendee. The charge in this particular was not erroneous as against the defendant, and was in substance and effect equitable and just to him and the verdict right, upon the basis of mutual mistake (*Welch* v. *Moffat*, 1 N. Y. Sup. 575), and the judgment should be affirmed.

*Judgment affirmed.*